IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRANITE REINSURANCE COMPANY, LTD, A Barbados Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:08CV410 |
| v. | ) ) | |
| ANN M. FROHMAN, Director of Insurance, in her capacity as Liquidator of, FEDERAL CROP INSURANCE CORPORATION, a Corporation within the United States Department of Agriculture, and RISK MANAGEMENT AGENCY, an agency of and within the United States Department of Agriculture, | ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

    The plaintiff's complaint, originally filed in the District Court of Lancaster County, Nebraska on August 18, 2008, (filing no. 1-2), was removed to this forum on September 17, 2008, by defendants United States Department of Agriculture ("USDA"), Federal Crop Insurance Corporation ("FCIC"), and Risk Management Agency ("RMA")(collectively referred to hereafter as "RMA/FCIC"). Filing No. 1. The notice of removal states removal is proper: 1) under 28 U.S.C. § 1442(a)(1) because the plaintiff's complaint seeks damages against a federal agency for actions taken under color of office; and 2) under 7 U.S.C. § 1506(d) because the federal district court has exclusive jurisdiction over actions by or against the FCIC and RMA. Filing No. 1, at p. 2.

Plaintiff, Granite Reinsurance Company, LTD ("Granite"), and defendant Ann Frohman, Director of the Nebraska Department of Insurance, ("Director") have filed motions to remand. Filing Nos. 9 & 13.[1] Granite and the Director argue remand is required because the dispute at issue involves collection of alleged unpaid premiums owed by an insolvent insurer, American Growers Insurance Company (""Growers"); Grower's liquidation and receivership proceedings are now pending in the District Court of Lancaster County, Nebraska;[2] and the receivership court has exclusive jurisdiction over Granite's claims pursuant to the Nebraska Insurers Supervision, Rehabilitation and Liquidation Act ("Nebraska Receivership Act"),(Neb. Rev. Stat. §44-4801 et seq), and the McCarran-Ferguson Act, (15 U.S.C. § 1011 et seq). Granite and the Director further argue the federal court should abstain from exercising jurisdiction over the parties' controversy. Granite also argues RMA/FCIC voluntarily submitted to the jurisdiction of the Lancaster County District Court by filing of a Proof of Claim and actively participating in the state receivership proceedings for Grower's liquidation.

In response, RMA/FCIC claims it has sovereign immunity except to the extent that immunity is waived by statute, and since the only statute authorizing suit against the FCIC, 7 U.S.C. § 1506, vests exclusive original jurisdiction in the federal district courts, this case must be litigated in federal court. RMA/FCIC states filing a Proof of Claim in state court does not waive its sovereign immunity or serve to vest

---

[1]The court notes all defendants did not join in removal. However, removals under the federal officer/agency removal statute, (28 U.S.C. § 1442(a)(1)), are excepted from the general "rule of unanimity." Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir. 1998)(collecting cases). It is well settled that "removal under 28 U.S.C. § 1442 can be effected by any defendant in an action, with or without the consent of co-defendants." Alsup v. 3-Day Blinds, Inc., 435 F.Supp.2d 838, 842 (S.D. Ill. 2006)(collecting cases). See also, Hilbert v. McDonnell Douglas Corp., 529 F.Supp.2d 187, 195 (D. Mass. 2008).

[2]District Court of Lancaster County, Nebraska, case number CI05-714.

jurisdiction in the state court, and the McCarran-Ferguson does not provide state courts with jurisdiction over the United States government. Finally, RMA/FCIC argues the action filed by Granite and now pending in this forum violates Nebraska statutory law and the Order of Liquidation, Declaration of Insolvency and Injunction for Grower's state liquidation proceedings. In the liquidation proceedings, the Director filed a Motion to Show Cause why Granite should not be held in contempt for filing this lawsuit. That motion has been pending since October 17, 2008. Filing No. 37-2, ¶ 5, and at CM/ECF p. 7-11.

### The Plaintiff's Complaint

The plaintiff's complaint seeks a judgment against the Director and RMA/FCIC to recover premiums allegedly owed to Granite for a reinsurance policy it issued to Growers for crop insurance losses. The complaint alleges as follows:

Pursuant to 7 U.S.C. § 1507(c), RMA/FCIC contracted with Growers, a private insurance company, to offer Multi-Peril Crop Insurance ("MPCI") policies to producers of agricultural commodities. The parent company of Growers is Acceptance Insurance Company, Inc. (AICI). Filing No. 1-2, ¶¶ 2, 12, 14.

As a prerequisite for allowing Growers to sell RMA/FCIC-approved crop insurance policies, Growers was required to purchase reinsurance coverage for any potential catastrophic crop losses that fell in the 140% to 150% of premium layer. Filing No. 1-2, ¶15. Granite alleges that to fulfill this requirement, Growers, AICI, and AICI's affiliate, Acceptance Insurance Company, ("AIC"), purchased a MPCI Stop Loss Reinsurance Contract from Granite in 2001 (hereinafter the "Reinsurance Contract"). Under the terms of the Reinsurance Contract, the insured was obligated to pay a total of $15 million in premiums for reinsurance of crop losses for the five crop years beginning on July 1, 2000 and ending on June 30, 2005. The $6 million premium due at the outset of the Reinsurance Contract was paid by Growers.

However, the three remaining $3 million premium payments owed on January 1, 2003, January 1, 2004, and January 1, 2005, were not paid. Filing No. 1-2, ¶¶ 14, 16.

On November 22. 2002, the Director placed Growers under an Order of Supervision. Filing No. 1-2, ¶9.

As of December 5, 2002, when it appeared Growers was facing severe financial problems and would soon be placed in receivership, FCIC and the Director entered into a Memorandum of Understanding ("MOU")(filing no. 1-2, at CM/ECF pp. 9-16). Under the terms of the MOU, FCIC agreed to:

> Assume the responsibility for any contingent liabilities of American Growers or Acceptance Insurance Company that arise under the 2002 and prior reinsurance years reinsurance agreements that remain unpaid at the time it is determined that such obligations are owing and American Growers or Acceptance Insurance Company, as applicable, is unable to perform its obligations.

Filing No. 1-2, ¶ 29, and at CM/ECF p. 12, ¶ 6. "Contingent liabilities" is defined under the MOU as ". . . the liability associated with any arbitrations or litigations arising from the 2001 or prior reinsurance years on FCIC reinsured policies." Filing No. 1-2, ¶ 30, and at CM/ECF p. 10.

The District Court of Lancaster County, Nebraska entered an Order of Rehabilitation for Growers on December 20, 2002. Filing No. 14-2, at CM/ECF p. 2, ¶ 3. Thereafter, in accordance with the terms MOU, FCIC received all or substantially all the funds and other assets of Growers in exchange for paying various costs owed by Growers. FCIC did not, however, pay the unpaid premiums allegedly owed to Granite on the Reinsurance Contract. Filing No. 1-2, ¶¶ 32-34.

AICI filed for Chapter 11 bankruptcy protection on January 7, 2005. Granite filed a Proof of Claim in the bankruptcy proceeding to recover the unpaid premiums owed on the Reinsurance Contract on May 6, 2005. Filing No. 1-2, ¶¶ 18-19.

Pursuant to the Nebraska Insurers Supervision, Rehabilitation and Liquidation Act ("Act"), (Neb. Rev. Stat. §44-4801 et seq), the Lancaster County District Court entered an Order of Liquidation with respect to Growers on February 28, 2005. Filing No. 14-2. RMA/FCIC filed a Proof of Claim in Growers' receivership proceedings. Filing No. 1-2, ¶8.

On September 22, 2005, Granite filed a complaint against AIC in the United States District Court for the District of Nebraska to recover the unpaid premiums on the Reinsurance Contract, (Granite v. Acceptance Insurance, Inc., 8:05CV00449-TDT). The Granite/AIC lawsuit was referred to the bankruptcy court on January 23, 2006. (8:05CV00449-TDT, filing no. 16). AIC filed a complaint against Granite on October 26, 2006 to recover the $6 million premium paid by Growers to Granite. On December 5, 2006, the bankruptcy court consolidated the suit against AIC, the claim by AICI and the objection to that claim, and the AIC claim against Granite. Filing No. 1-2, ¶¶ 20-22.

A trial was held in the bankruptcy court in February 2007, and on May 9, 2007, the bankruptcy court held that AICI, AIC, and Growers were all parties to the Reinsurance Contract, but AIC and AICI were not responsible for the $9 million premium balance owed to Granite. This decision was reversed by the Bankruptcy Appellate Panel ("BAP") for the Eighth Circuit Court of Appeals. The BAP held the Reinsurance Contract was not voided by the fact that Growers was now in a Nebraska receivership, and AIC and AICI remained liable to Granite for payment of the $9 million of unpaid premiums. The BAP accordingly entered judgment in favor of Granite. The BAP ruling was appealed to the Eighth Circuit Court of Appeals, and that appeal remains pending. Filing No. 1-2, ¶¶ 23-27.

Granite's complaint was filed against the Director and RMA/FCIC requests an order directing the FCIC to pay the Director the funds needed to pay Granite for the unpaid Reinsurance Contract premiums, and directing the Director to, in turn, pay those funds to Granite. Filing No. 1-2, at CM/ECF p. 8.

For the reasons discussed hereafter, the motions for remand filed by Granite and the Director, (filing nos. 9 & 13), will be denied.

## Legal Analysis

The government claims removal is proper under two statutes: 28 U.S.C. § 1442(a)(1), and 7 U.S.C. § 1506(d).

Under 28 U.S.C. § 1442(a)(1), a civil action filed in state court against "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may be removed to the district court of the United States for the district where the state case is pending. 28 U.S.C. § 1442(a)(1).[3] The purpose of 28 U.S.C. § 1442(a)(1) is to protect the exercise of legitimate federal authority against interference by individual states through their courts. Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 150 (2007). The right of removal "is absolute for conduct performed under color of federal office," and "the policy favoring removal should not be frustrated by a narrow, grudging interpretation of 1442(a)(1)." Arizona v. Manypenny, 451 U.S. 232 (1981).

---

[3] Although Int'l Primate Protec. League v. Administrators of Tulane Educ. Fund, 500 U.S. 72 (1991), held the right to removal under 28 U.S.C. § 1442 belonged only to federal officers and not the agency itself, the 1996 amendments to § 1442 effectively overruled Int'l Primate by granting removal rights to federal agencies.

FCIC is an agency of the United States, created under the Federal Crop Insurance Act ("FCIA"), (7 U.S.C. §§ 1501 et seq.), and administered through the Department of Agriculture. Pursuant to 7 U.S.C § 1506(d), "[t]he district courts of the United States . . . shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against" the FCIC. 7 U.S.C. § 1506(d). The RMA administers the FCIA, and the FCIC is a division within the RMA. Accordingly, the provisions of 7 U.S.C. § 1506(d), including its jurisdiction and venue provisions, apply to both the FCIC and the RMA. Acceptance Ins. Companies, Inc. v. U.S., 72 Fed. Cl. 299, 304 (Fed. Cl. 2006)(citing Rain & Hail Ins. Serv., Inc. v. Fed. Crop Ins. Corp., 229 F. Supp.2d 710, 715 (S.D. Tex. 2002)).

Granite and the Director claim RMA/FCIC's right to removal under 28 U.S.C. § 1442(a)(1) is reversed preempted by the McCarran-Ferguson Act, (15 U.S.C. § 1011 et seq). Pursuant to 15 U.S.C. § 1012 of the McCarran-Ferguson Act:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, *unless such Act specifically relates to the business of insurance*. . . .

15 U.S.C.A. § 1012 (emphasis added). Granite and the Director claim the federal court's jurisdiction under 28 U.S.C. § 1442 is reverse preempted by the Nebraska Receivership.

The Nebraska Receivership Act includes substantive law governing insurer liquidation proceedings, and jurisdictional law requiring that all such suits be brought in the Lancaster County District Court to "protect the interests of insureds, claimants, creditors, and the public" through "[e]nhanced efficiency and economy of liquidation," "clarification of the law," and "minimiz[ing] legal uncertainty and litigation." Neb. Rev. Stat. §§ 44-4801 (3) & (7) & 44-4804. Citing numerous prior

decisions of this court as either persuasive or distinguishable,[4] Granite and the Director claim removal of this case for resolution in the federal court will "invalidate, impair, or supersede" Nebraska's statutes "regulating the business of insurance. . . ." in violation of the McCarren-Ferguson Act, 15 U.S.C. § 1012(b).

"[T]he McCarran-Ferguson Act reflects a strong federal policy of deferring to state regulation of the insurance industry, including insolvency statutes." Murff v. Professional Medical Ins. Co., 97 F.3d 289, 292 (8th Cir. 1996)(Internal citations and quotation marks omitted). The underlying policy of affording state courts exclusive jurisdiction over insurer insolvency actions is to eliminate the risk of unequal treatment of claimants or conflicting rulings in different forums. Munich American Reinsurance Co. v. Crawford, 141 F.3d 585, 593 (5th Cir. 1998); Davister Corp. v. United Republic Life Ins. Co., 152 F.3d 1277 (10th Cir. 1998).

However, the McCarran-Ferguson includes a significant exception which was neither applicable nor discussed in this court's prior rulings. Unlike Granite's complaint, in the prior Nebraska federal district court cases cited by Granite and the Director, none of the parties was a federal agency charged with implementing a

---

[4]See, Amwest Sur. Ins. Co. v. Swiss Reinsurance America Corp., 2004 WL 628217, 1 (D.Neb. 2004)(Bataillon, J., presiding); Amwest Sur. Ins. Co. v. J.A. Jones Const. Co., 245 F.Supp.2d 1038 (D. Neb. 2002)(Piester, MJ, presiding); Lecher Zapata v. Amwest Surety Ins Co, et al, 4:99CV03302, (D.C.Neb.)(Strom, J., presiding); Wagner v. Bank of America, 8:02CV00195, (D.C. Neb.)(Shanahan, J., presiding); Wagner v. J.A. Jones Construction Co., 4:02CV3161, (D.C.Neb.)(Kopf, J., presiding); Wagner v. Allenbrooke Insurance Services, Inc., 4:03cv3007, (D.C.Neb.)(Kopf, J., presiding).

federal insurance program. The McCarran-Ferguson Act expressly does not apply, and therefore state law does not preempt, federal enactments specifically relating to the business of insurance.

The FCIA, which creates and governs the FCIC, includes provisions outlining the substance and method of providing federal crop insurance. The FCIC is authorized by Congress to implement a federal crop insurance program, either by directly entering into insurance contracts with producers of agricultural commodities (id. § 1508(a)), or by reinsuring crop insurance contracts between producers and private insurance companies. Id. § 1508(k). The FCIA also grants the federal courts exclusive jurisdiction over disputes by and against the FCIC.

Granite's lawsuit names RMA/FCIC as a defendant and claims a right to recover unpaid premiums for issuance of a crop reinsurance policy to an FCIC-approved insurer, (Growers), pursuant to the terms of an MOU between the FCIC and the Director. In other words, FCIC, a federal agency, and its supervisory agency, the RMA, are being sued for acts committed while carrying out the federal crop insurance program. When Congress created federal crop insurance, it specifically intended to provide a uniform and accessible system of farmer protection. It did not intend "to allow fifty states to administer that program according to fifty different state insurance regulatory schemes." In re 2000 Sugar Beet Crop Ins. Litigation, 228 F. Supp. 2d 992, 997 (D. Minn. 2002), (rev'd on other grounds), National Crop Ins. Services, Inc. v. Federal Crop Ins. Corp., 351 F.3d 346 (8th Cir. 2003).

Although Nebraska law grants the District Court of Lancaster County exclusive jurisdiction over insurer insolvency actions, this state law directly conflicts with the FCIA's grant of exclusive jurisdiction over claims against the FCIC in the federal district courts. The FCIA "specifically relates to the business of insurance," (15 U.S.C.A. § 1012), and therefore, under the exception set forth in the McCarran-Ferguson Act, the FCIA, including its jurisdiction and venue provisions, is not

reverse preempted by Nebraska's insurance insolvency law.  State of Kan. ex rel. Todd v. U.S., 995 F.2d 1505 (10th Cir. 1993); In re 2000 Sugar Beet Crop Ins. Litigation, 228 F. Supp. 2d at 997.  See also, Masoner v. First Community Ins. Co., 81 F.Supp.2d 1052, 1057 n. 3 (D. Idaho 2000)(noting the McCarran-Ferguson Act does not preclude application of the provisions of the National Flood Insurance Act). Pursuant to the FCIA, the federal district court has exclusive original jurisdiction over Granite's action gainst the FCIC.

Granite claims, however, that by filing of a Proof of Claim and actively participating in the Grower's state receivership proceedings, RMA/FCIC voluntarily submitted to the jurisdiction of the District Court of Lancaster County.  "It has long been settled that officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress."  U.S. v. N.Y. Rayon Importing Co., 329 U.S. 654, 660 (1947); Goodin v. U.S. Postal Inspection Service, 444 F.3d 998, 1002 (8th Cir. 2006)(holding failure to issue a denial letter cannot create jurisdiction by waiver or estoppel).  Therefore, RMA/FCIC did not, and could not by its statements, acts, or omissions, grant to the District Court of Lancaster County subject matter jurisdiction over Granite's claims.

RMA/FCIC was entitled to remove this case to federal court pursuant to 28 U.S.C. § 1442(a)(1), the only forum which can exercise jurisdiction over claims filed against the FCIC, and the RMA in its capacity as the FCIC's supervising agency.  7 U.S.C. § 1506(d).  The District Court of Lancaster County, Nebraska never had jurisdiction over Granite's action against RMA/FCIC, and remand to the state forum would be improper.  Leach v. Federal Crop Ins. Corp., 741 F.2d 200 (8th Cir. 1984);[5]

---

[5] Leach further held that since the state court lacked jurisdiction, the federal court could not acquire jurisdiction on removal.  However, subsequent to Leach, 28 U.S.C. § 1441 was amended to include the following:

Farmers Crop Ins. Alliance v. Laux, 442 F. Supp. 2d 488, 498 (S.D. Ohio 2006)(holding the FCIA confers exclusive federal jurisdiction over lawsuits against the RMA and FCIC).  See also, Texas Peanut Farmers v. U.S., 409 F.3d 1370 (D.C. Cir. 2005 (holding the federal district court, not the Court of Federal Claims, has exclusive subject matter jurisdiction over action involving reinsurance owned by the FCIC).

Granite and the Director argue that even if the federal court has subject matter jurisdiction, it should abstain from exercising that jurisdiction under Burford v. Sun Oil Co., 319 U.S. 315 (1943).  "As a general rule, abstention is appropriate where a state creates a complex regulatory scheme, supervised by the state courts and central to state interests[,] if federal jurisdiction deals primarily with state law issues [,] or if federal jurisdiction will disrupt a state's efforts to establish a coherent policy with respect to a matter of substantial public concern."  Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1503 (8th Cir. 1992) (omitting internal citations and quotation marks).  However, abstention is "the exception, not the rule."  Id.

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional

---

> The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(f).  Under § 1441(f), removal is no longer considered "derivative" of state court jurisdiction, and a case falling within exclusive federal jurisdiction, but filed in state court, can be removed to federal district court.

>circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.

Melahn, 965 F.2d at 1503-04.

When Congress has directed that federal courts have not only jurisdiction, but exclusive jurisdiction over a particular type of claim, abstention to permit adjudication of the entire case in a state forum would defeat the purpose of the federal legislation." Key v. Wise, 629 F.2d 1049, 1059 (5th Cir. 1980). Simply sated, "abstention is clearly improper when a federal suit alleges claims within the exclusive jurisdiction of the federal courts." Andrea Theatres, Inc. v. Theatre Confections, Inc., 787 F.2d 59, 62 (2d Cir. 1986). If the state court lacks broad, concurrent jurisdiction to adjudicate the claims asserted in the parties' pleadings, abstention may result in piecemeal adjudication of the case. Id. Therefore, a federal court also has no discretion to stay proceedings as to claims within the court's exclusive federal jurisdiction while awaiting the outcome of other claims in state court. Medema v. Medema Builders, Inc., 854 F.2d 210, 213 (7th Cir. 1988); Silberkleit v. Kantrowitz, 713 F.2d 433, 436 (9th Cir. 1983).

Granite's complaint was properly removed to this forum and will not be remanded. This court will not abstain from litigating Granite's claims, and will not stay this case pending the outcome of the state liquidation proceedings or any rulings of the District Court of Lancaster County, Nebraska.

In response to the pending motions to remand, the government argues this litigation should be transferred to the United States District Court for the District of Columbia. Pursuant to 7 U.S.C. § 1506(d), "[a]ny suit against the [FDIC] shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business." 7 U.S.C. § 1506(d). The foregoing provision addresses venue, not subject matter jurisdiction, and venue often requires a factual inquiry.

Crop Hail Management v. Federal Crop Insurance Corp., 1994 WL 1890927, 2 (N.D. Miss. 1994); Cohen v. Commodity Credit Corp., 172 F.Supp. 803, 806 (D.C. Ark. 1959). The motions for remand filed by Granite and the Director addressed only subject matter jurisdiction, which is usually decided on the face of the pleadings. Therefore, the court will not currently decide the venue issue. If a motion is filed for change of venue, the court will resolve the issue after affording all parties an opportunity to respond.

Accordingly,

IT IS ORDERED:

1) The motions to remand, or in the alternative to abstain or stay this lawsuit, filed by plaintiff Granite Reinsurance Company, LTD, and defendant Ann Frohman, Director of the Nebraska Department of Insurance, (filing nos. 9 & 13), are denied.

2) To the extent the government's response on the motions for remand requests transfer of this action to the United States District Court for the District of Columbia, the request is denied without prejudice to consideration upon a properly filed and fully submitted motion to transfer venue.

DATED this 17th day of August, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge